09-3631 -ag
Lin v. Holder

BIA
McManus, IJ
A079 393 991

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

HUA LIN,
        *Petitioner,*

        v.                                        09-3631-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Thomas B.
                       Fatouros, Senior Litigation Counsel;
                       Arthur L. Rabin, Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Lin, a native and citizen of the People's Republic of China, seeks review of a July 30, 2009, order of the BIA affirming the November 6, 2007, decision of Immigration Judge ("IJ") Margaret McManus denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Lin*, No. A079 393 991 (B.I.A. July 30, 2009), *aff'g* No. A079 393 991 (Immig. Ct. N.Y. City Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Lin argues that he suffered past persecution because he incurred two fines as a result of violating the family planning policy. However, although Lin testified that the first fine constituted "approximately three months of [his] salary," he did not provide similar testimony regarding the second fine, and he provided no evidence of his net worth at the time of the fines or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government. Moreover, Lin testified that his parents paid the first fine in full, and he points to no evidence demonstrating any harm resulting from the payment of either fine. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 68, 70 (2d Cir. 2002). Absent such proof, we cannot assess whether the fines constituted a "substantial economic disadvantage" to him. *See id.; see also* 8 U.S.C. § 1229a(c)(4)(B) (noting that the applicant bears the burden of proof to establish the elements of his claim).

Moreover, the agency reasonably found that Lin failed to establish a well-founded fear of future persecution given

2

the absence of evidence that family planning officials remained interested in him following his girlfriend's abortion and given evidence indicating that his girlfriend continued to reside in China without incident. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). To the extent Lin argues that he will be persecuted as a political dissident and for attempting to smuggle his wife out of China, we decline to consider these arguments, as they were not raised before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). As Lin's withholding of removal and CAT claims share the same factual predicate, because he was unable to meet his burden to demonstrate he was eligible for asylum, he necessarily failed to meet his burden for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3